**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAUREN F. SCHWARTZ, *M.D., on assignment of Amanda S.*, <br><br> Plaintiff, <br><br> v. <br><br> EMPLOYEE BENEFIT MANAGEMENT SYSTEMS, et al., <br><br> Defendants. | Civil Action No: 17-656 (SDW) (LDW) <br><br> **OPINION** <br><br><br> May 16, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendants Employee Benefit Management Systems ("EBMS") and Associated Employers Group Benefit Plan and Trust's ("AEG") (collectively, "Defendants") Motion to Dismiss Plaintiff Lauren F. Schwartz, M.D.'s ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, this Court concludes that venue is improper in this District. Therefore, Defendants' Motion to Dismiss is **GRANTED**.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

Beginning in March 2014, Plaintiff, a healthcare provider located in Bergen County, New Jersey, rendered various medical services to a beneficiary ("the Patient") of an employer benefit plan ("the Plan") maintained and administered by Defendants. (Compl. ¶¶ 1 – 4, 10 – 28.) Defendant EBMS allegedly agreed on multiple occasions to reimburse in full the treatments provided to the Patient. (*Id*. ¶¶ 10, 21, 22, 30.) Plaintiff obtained an assignment of benefits from the Patient and prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement for the services she rendered in the amount of $476,448.00. (*Id*. ¶¶ 31 – 32, Ex. B.) Defendants, however, only remitted payment to Plaintiff in the amount of $31,946.51, resulting in what Plaintiff alleges is an underpayment of $443,001.49. (*Id*. ¶¶ 34, 41.)

Plaintiff therefore brings the instant action pursuant to the assignment of benefits and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, *et seq*. ("ERISA"). (*Id*. ¶ 31.) On December 20, 2016, she filed a Complaint in the Superior Court of New Jersey, Bergen County alleging the following claims: (1) Breach of Contract; (2) Failure to Make all Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B); (3) Promissory Estoppel; (4) Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a); (5) Failure to Establish/Maintain Reasonable Claims Procedures under 29 C.F.R. 2560.503-1.[1] (*Id*. ¶¶ 43 – 81.) Defendants removed the action to this Court on January 21, 2017, and moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) on February 6, 2017.[2] Defendants also seek attorneys' fees pursuant to 29 U.S.C. §1132(g).

---

[1]     Plaintiff has voluntarily dismissed Count One of her Complaint. (Pl.'s Br. at 1, 3.)
[2]     Defendants alternatively move to transfer the case to the United States District Court for the District of Montana under 28 U.S.C. § 1404(a).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss for improper venue. "The movant has the burden of demonstrating that venue is improper." *Al-Ghena Intern. Corp. v. Radwan*, 957 F. Supp. 2d 511, 519 (D.N.J. 2013) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012). "In deciding a Rule 12(b)(3) motion, courts accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Dapuzzo v. Anderson*, 2015 WL 1268317, at *2 (D.N.J. Mar. 18, 2015) (internal marks omitted) (citing *Bockman*, 459 F. App'x at 158, n.1 (3d Cir. 2012)). This Court must determine whether venue is proper in accordance with the nature of this action. *Id*.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

3

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

**III.     DISCUSSION**

An action under ERISA "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The parties appear to agree that Montana is where the Plan is administered and where Defendant resides and "may be found." (Pl.'s Br. at 4 – 7; Def.'s Br. at 4 – 5; Compl., Ex. F at 1 – 2.) However, Plaintiff contends that because she provided Patient's treatments in New Jersey and she received Defendants' partial reimbursements in New Jersey, the alleged breach took place here. (*Id.*)

Courts in this District have found that, when presented with a claim for improper denial of benefits under ERISA, the relevant inquiry for venue purposes will be "where the breach took place, i.e., *where the decision to deny benefits occurred*." *Plastic Surgery Ctr. v. Blue Cross Blue Shield of Michigan*, 2013 WL 5773120, at *3 (D.N.J. Oct. 23, 2013) (emphasis added) (citing *Tyson v. Pitney Bowes Long–Term Disability Plan*, 2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007)).[3] Plaintiff's claims arise out of Defendants' partial denial of the reimbursement claim that Plaintiff submitted as the Patient's assignee. (*See* Compl. ¶ 4 ("This dispute arises from Defendants' refusal to properly reimburse Plaintiff for the medically necessary and emergency services provided to Defendants' participant or insured.").) Given that the Plan is administered in Montana, the decision to partially deny reimbursement occurred in Montana. Any alleged breach

---

[3]     One court in this District has said that when the alleged breach is based on an improper denial of benefits, the breach "has its situs in the place where the *participants* work or live." *Moore v. St. Paul Companies, Inc.*, 1995 WL 11187, at *8 (D.N.J. Jan. 3, 1995) (emphasis added). Plaintiff, the Plan participant, appears to have been a resident of Montana, (*see* Roadifer Decl. ¶ 9,) and thus New Jersey would be the improper venue for this action under this standard.

4

therefore took place in Montana, and as such this Court will dismiss this action for improper venue.[4]  *See* Fed. R. Civ. P. 12(b)(3).

Defendants also seek attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), which states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *See* 29 U.S.C. § 1132.  Defendants' application, however, is meritless.  "[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (internal marks omitted).  Having found that the District of New Jersey is not the proper venue for this action, this Court has not addressed the merits of any of Plaintiff's claims.  Defendants' application for fees is therefore denied.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.  An appropriate Order follows.

    /s/ Susan D. Wigenton\
    SUSAN D. WIGENTON, U.S.D.J

Orig:    Clerk\
cc:    Leda Dunn Wettre, U.S.M.J.\
    Parties

---

[4] In a footnote, Plaintiff contends that a transfer of venue to Montana is more appropriate than dismissal.  (*See* Pl.'s Br. at 6 n.3.)  However, Plaintiff offers no support for this argument.  This Court therefore declines to transfer this action in lieu of dismissal.  *See, e.g., Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012) (affirming dismissal for improper venue because Plaintiffs failed to identify "any injustice that would result from dismissal as opposed to transfer"); *see also Howmedica Osteonics Corp. v. DJO Glob., Inc.*, 2017 WL 1136671, at *3 (D.N.J. Mar. 27, 2017) ("A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue.") (citing *Konica Minolta, Inc. v. ICR Co.*, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).

Because this Court dismisses Plaintiff's ERISA claims for improper venue, it declines to exercise jurisdiction over Plaintiff's state law claim contained in Count Three of her Complaint. *See* 28 U.S.C. § 1367(c)(3).